IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAHAB KLINGENSMITH,

               Plaintiff,

    v.

WAUKESHA COUNTY CIRCUIT
COURT / SHERIFF'S DEPARTMENT,
and PARKWAY LOFTS LLC,

               Defendants.

OPINION AND ORDER

13-cv-726-wmc

---

In this proposed civil action, plaintiff Rahab Klingensmith brings suit against Waukesha County Circuit Court / Sheriff's Department and Parkway Lofts LLC. Klingensmith moved for leave to proceed *in forma pauperis*, and leave was granted, allowing her to proceed without any prepayment of fees or costs. The court must now determine whether Klingensmith's proposed action is (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, Klingensmith's request for leave to proceed must be denied for reasons set forth briefly below.

## ALLEGATIONS

Klingensmith's submission spans almost 100 pages. (Compl. (dkt. #1); Addendum to Compl. (dkt. #4).) As best as the court can discern, Klingensmith alleges

that she was the victim of fraud, harassment and defamation caused by her involvement as a witness or informant in a criminal matter. Although any connection to the criminal matter is unclear, Klingensmith also complains about the loss of her home and certain personal belongings. Lastly, Klingensmith complains generally about laws enacted to protect gay men and lesbians, and specifically challenges same-sex marriage.

Specific to the defendants here, Klingensmith previously had a lease with defendant Parkway Lofts LLC, the owner of an apartment building. Parkway Lofts filed an eviction action against Klingensmith in Waukesha County Circuit Court. Klingensmith complains that the case was mishandled because "Judge Mac Davis [due] to the fact that he was not given pertinent evidence [due] to the cause of poor police work and a non-follow through of proof." (Compl. (dkt. #1) p.4.) Klingensmith also appears to claim that the Waukesha County Sheriff's Department failed to adequately investigate or prosecute her complaints of fraud, harassment and identity theft by an Illinois resident named Scott McKnight, who purportedly "hacked" into her computer.

## OPINION

Although *pro se* pleadings are subject to generous interpretation, *see Haines*, 404 U.S. at 520-21, a court may dismiss a *pro se* complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (observing that "[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Allegations qualify as factually frivolous for

2

purposes of 28 U.S.C. § 1915(e)(2)(B) if they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, if a complaint pleads facts showing that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To the extent Klingensmith's complaint concerns the eviction proceeding against her in state court, any claim would be barred for at least two reasons. First, any claim against the presiding circuit court judge is barred by absolute judicial immunity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978) (holding that judges are absolutely immune from damage awards in civil rights cases for acts taken in their judicial capacities). Second, any challenge to the judgment of eviction would be barred by the *Rooker Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Accordingly, Klingensmith's claims against the Waukesha County Circuit Court must be dismissed for failure to state a claim upon which relief may be granted.

3

To the extent that Klingensmith claims that the Waukesha County Sheriff's Department failed to adequately investigate or prosecute Scott McKnight, private citizens are not entitled to an order requiring the arrest or prosecution of wrongdoers. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). The Constitution, which features a separation of powers, grants authority to initiate criminal charges only to the Executive Branch. *See United States v. Lister*, 432 F.3d 754, 762 (7th Cir. 2005). Thus, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of a prosecuting attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Therefore, Klingensmith's allegations of inadequate investigation or lack of prosecution also fail to state a claim.

To the extent that plaintiff presents an assortment of generalized grievances about the government and laws governing same-sex unions, her allegations are insufficient to confer standing or to state a viable case or controversy. *See Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (emphasizing that "a 'generalized grievance,' no matter how sincere, is insufficient to confer standing"); *see also Hein v. Freedom from Religion Found. Inc.*, 551 U.S. 587, 601 & n.2 (2007) (collecting cases).

The remaining portion of plaintiff's proposed complaint features rambling, unintelligible allegations that clearly have no connection to the defendants. *See, e.g.,*

*Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that excessive "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter").   For all of these reasons, the proposed complaint will be dismissed for failure to articulate a viable, non-frivolous claim.

### ORDER

IT IS ORDERED that:

1) Plaintiff Rahab Klingensmith's motion for leave to proceed *in forma pauperis* is DENIED;

2) this case is DISMISSED with prejudice as both frivolous and for failure to state a claim; and

3) the clerk of the court is directed to close this case.

Entered this 4th day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge